UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. WATT,

                Plaintiff,                           Case No. 15-cv-12833

v                                          Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Elizabeth A. Stafford

                Defendant.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

On July 13, 2016, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation, ECF No. 27, on Plaintiff Michael Watt's motion for summary judgment and Defendant Commissioner of Social Security's motion for summary judgment. ECF Nos. 16, 20. In the report and recommendation, Judge Stafford recommends denying Watt's motion for summary judgment, granting the Commissioner's motion for summary judgment, and affirming the Commissioner's decision denying Watt's disability application. On July 27, 2016, Watt timely filed an objection. ECF No. 28.

Pursuant to a de novo review of the record, Watt's objection will be overruled and the report and recommendation will be adopted. Accordingly, Plaintiff's motion for summary judgment will be denied, Defendant's motion for summary judgment will be granted, and Plaintiff's claims will be dismissed with prejudice.

**I.**

Neither party has objected to Judge Stafford's summary of the relevant background of the case. For that reason, the summary is adopted in full.

## II.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

## A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal

quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### B.

Watt raises only one objection to Judge Stafford's report and recommendation. *See* ECF No. 28. Watt argues that the Magistrate Judge erroneously held that the vocational expert's testimony constituted substantial evidence sufficient to support the ALJ's finding that Watt could perform a significant number of existing jobs. Because of this error, Watt argues that Judge Stafford improperly found that the ALJ met the Commissioner's burden at step five of the disability application, which requires the Commissioner to prove that the claimant could adjust to other work. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

In his objection, Watt argues that the ALJ improperly relied on the vocational expert's (VE) representation that Watt would be able to perform the job of battery operator. Watt argued before Judge Stafford that the job requirements for battery operator in the Dictionary of Occupational Titles (DOT) conflicted with the job requirements as characterized by the VE. Judge Stafford recognized that the VE's description of the requirements for battery inspector jobs differed from the DOT description, but cited *Conn v. Sec'y of Health & Human Servs.* for

the holding that the "social security regulations do not require the Secretary or the expert to rely on classifications in the *Dictionary of Occupational Titles*." 51 F.3d 607, 610 (6th Cir. 1995). The Magistrate Judge chose to rely on the VE because the VE "based her testimony on the [Bureau of Labor Statistics] and her 30 years of experience, in addition to the DOT." Rep. & Rec., ECF No. 27, at 20. Watt now argues that Judge Stafford's reliance on the VE's testimony was erroneous because the VE did not have personal experience relating the job requirements for battery tester and because the VE actually testified only from the DOT.

The Magistrate Judge did not err in finding that the ALJ properly relied on the VE's testimony. An ALJ may "rely solely on the vocational expert's testimony." *Conn*, 51 F.3d at 610. This is true even if the VE's testimony contradicts the DOT. *See id.*; *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994); *Basinger v. Sec'y of Health & Human Servs.*, 33 F.3d 54 (6th Cir. 1994). Watt argues that the ALJ was entitled to rely on the VE's testimony only if the VE had personal experience with the specific job in question. In fact, Watt's attorney continually asked at the hearing before the ALJ for the VE to provide specific examples of battery tester jobs with requirements that Watt would satisfy. *See* Tr. Social Security Pro. at 55–57, 65, 74, 76, ECF No. 12. In support of this line of argument, Watt cites *Donahue v. Barnhart* for the proposition that counsel should question VEs about the basis for their disagreement with the DOT. 279 F.3d 441, 446 (7th Cir. 2002). But the Seventh Circuit in *Donahue* correctly points out that the Sixth Circuit does not require this sort of questioning. *Id.* at 445. *See also Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988) ("There is, however, no requirement that the vocational expert have direct first-hand knowledge of someone in the claimant's condition performing the jobs he is said to be capable of performing.")

- 4 -

Regardless, Watt's counsel engaged in spirited cross-examination of the VE. *See* Tr. Social Security Pro. at 55–76. Watt's counsel effectively established that the VE was relying on her thirty years of general experience, not on any specific experience with the requirements of battery testing jobs. *See id.* The VE testified that she was basing her findings on her "observations" of jobs over the past thirty years, *id.* at 54–55, as well as the job postings she finds on Michigan Works and Career Builder. *Id.* at 76–77. Accordingly, the ALJ relied on information other than the DOT. At best, Watt is only challenging the credibility of the VE in finding that Watt could perform a substantial number of battery testing jobs. The ALJ is responsible for determining the credibility of the VE's testimony. *Sias*, 861 F.2d at 481. Because the VE's credibility was subject to "vigorous cross-examination," the ALJ's credibility findings are subject to substantial deference. *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994) ("The credibility of the vocational expert's testimony was fully probed at the hearing, and credibility was properly within the province of the ALJ to determine."). Thus, Judge Stafford did not err by finding that the ALJ was justified in relying on the VE's testimony, despite its inconsistencies with the DOT.

### III.

Because the ALJ reached his decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

Accordingly, it is **ORDERED** that Plaintiff Watt's objections, ECF No. 28, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 27, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Watt's motion for summary judgment, ECF No. 16, is **DENIED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 20, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED**.

Dated: August 31, 2016                              s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

<table>
<tr><td>

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 31, 2016.

                    s/Michael A. Sian
                    MICHAEL A. SIAN, Case Manager

</td></tr>
</table>